IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKE BRUNZ, ) | Case No. 7:06CV5003 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| V. ) | ON MOTION FOR |
| ) | SUMMARY JUDGMENT |
| CITY OF MITCHELL and ) | |
| LARRY BARE, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Mike Brunz ("Brunz") filed a Complaint (Filing No. 1, Ex. 1) in the District Court for Scotts Bluff County, Nebraska, alleging that the Defendants—the City of Mitchell and Mayor of Mitchell Larry Bare—engaged in a civil conspiracy under 42 U.S.C. §§ 1983 and 1985, by violating Brunz's First Amendment rights of speech and expression, Fourteenth Amendment right of equal protection, and Fourteenth Amendment right of due process.[1] Because of the federal questions involved, Defendants removed the case to this Court (Filing No. 1), and have filed a Motion for Summary Judgment (Filing No. 13) based on Defendants' alleged qualified immunity. For the reasons set forth below, I find that Brunz's § 1983 cause of action, based on alleged retaliation for the exercise of his First Amendment right of access to the courts, survives the Defendants' Motion for Summary Judgment. His other causes of action will be dismissed without prejudice.

**Background**

Until recently, Brunz worked as a police officer for the City of Mitchell, Nebraska. On July 8, 2005, he was informed that he was being suspended with pay. On

---

[1]Brunz also alleges violations of the Nebraska State Constitution and the City of Mitchell Personnel Manual.

July 22, 2005, he wrote a letter asking for a written explanation of his suspension and a hearing, although it appears that he received a verbal explanation and waived his right to a hearing until an investigation could be completed. On October 29, 2005, Brunz was notified that he was being suspended without pay, for a period of 30 days, starting November 1, 2005. He filed a request for a hearing, and that hearing was scheduled for November 29, 2005. At that hearing, Brunz protested that the Mitchell City Council failed to conform to the requirements of the Open Meetings Act, Neb. Rev. Stat. §§ 1401 *et seq.*, and he therefore refused to participate. On December 15, 2005, Brunz filed a Petition-in-Error (Filing No. 1, Ex. 1-D) in Nebraska state court, wherein he sued the Mitchell City Council for its alleged refusal to allow him to have a hearing which complied with the Open Meetings Act. This Petition-in-Error, Defendants allege, removed jurisdiction from them, so they could no longer conduct any hearing on the matter. Brunz's suspension without pay expired on December 1, 2005, but he was eventually terminated on December 30, 2005, effective December 31, 2005.

Brunz filed a Complaint in the District Court for Scotts Bluff County, Nebraska, and Defendants removed the case to this Court. Defendants filed an Answer (Filing No. 2), and the parties proceeded with a Rule 26 planning meeting, making their initial disclosures as required by Federal Rules of Civil Procedure Rule 26(A)(1) (Filing Nos. 7–8). Defendants then filed a Motion for Summary Judgment, asserting qualified immunity from suit. Defendants filed a Brief in Support of the motion (Filing No. 14); however, Brunz filed no brief in opposition.

**Standard of Review**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56©)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to

secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

To survive a motion for summary judgment based on a claim of qualified immunity, "the plaintiff must, first, establish facts that, when taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right." *Biby v. Bd. of Regents*, 338 F.Supp.2d 1063,1069 (D. Neb. 2004) (citing *Saucier v. Katz*, 533 U.S. 194, 201(2001)). If the plaintiff cannot prove violation of a constitutional right, then the defendant is entitled to judgment. If, however, the plaintiff can make this showing, it becomes further incumbent on the plaintiff to "establish that 'the constitutional right was clearly established in light of the specific context of the case.'" *Id.* (quoting *Kuha v. City of Minnetonka*, 365 F.3d 590, 601 (8th Cir. 2003)). A right is clearly established when "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This is a fact intensive, objective standard, and "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 537 U.S. at 201.

A necessary precursor to determining whether the defendant violated a clearly established constitutional right "is the determination of whether the plaintiff has asserted a violation of a constitutional right *at all*." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999) (emphasis in original). "Resolution of this purely legal question allows courts to expeditiously weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time-consuming preparation to defend the suit on its merits." *Id.*

**Discussion**

**1. Equal Protection, Due Process, and § 1985**

Brunz has failed to allege facts sufficient to support his equal protection, due process, and § 1985 causes of action. Therefore, for these matters, I never reach and do not decide the issue of qualified immunity.

Defendants could only have violated Brunz's right to equal protection if they treated Brunz differently than similarly situated officers. *See Hansen v. Rimel*, 104 F.3d 189, 190 (8th Cir. 1997). Brunz has failed to plead that he is similarly situated to other individuals, or that Defendants acted with "an unlawful intent to discriminate . . . for an invalid reason." *Carpenter Outdoor Adver. v. City of Fenton*, 251 F.3d 686, 690 (8th Cir. 2001). Based on the facts pled, there is no Fourteenth Amendment equal protection violation.

To state a cause of action for a procedural[2] due process violation of the Fourteenth Amendment, one must allege that, as the result of state action, the Plaintiff was deprived of a property interest without due process of the law. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999) ("To establish a procedural due process claim pursuant to § 1983, plaintiffs must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the

---

[2]Brunz has failed to specify whether he is alleging a violation of procedural due process or substantive due process. Since the allegations focus on the procedures followed by Defendants, I assume and address procedural due process. However, it is noted that if the claim is one of substantive due process, Brunz would likely have to show that Defendants' conduct was "intended to inflict harm to be conscience shocking in the constitutional sense." *Herts v. Smith*, 345 F.3d 581, 587 (8th Cir. 2003) (citing *Hawkins v. Holloway*, 316 F.3d 777, 788 (8th Cir. 2003)). While Brunz's termination "may be constitutionally suspect for other reasons, it cannot be said to rise to the level of conscience-shocking." *Id.*

5

Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest."). Brunz has alleged that his employment with the City of Mitchell was terminated, and that the City failed to follow its own personnel manual when conducting the hearing process. However, Brunz has not alleged that he had a property interest in continued employment with the City of Mitchell,³ or that the City of Mitchell Personnel Manual created such a right.⁴ Although Brunz has alleged a violation of the Nebraska Open Meeting Act concerning the notice given to the public in connection with his scheduled personnel hearing, he has failed to show how such alleged violation in any way interfered with the procedural due process to which he may or may not have been

---

³It is established law in the Eighth Circuit that "[t]he Due Process Clause . . . protects a government employee's property interest in her job. That interest *exists only if she has 'a legitimate claim of entitlement*,' not merely a 'unilateral expectation' of continued employment." *Buchholz v. Aldaya*, 210 F.3d 862 (8th Cir. 2000) (emphasis added) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "Public employment" is not synonymous with "constitutionally protected employment." I need not today comment on whether the requisite property interest is created under Neb. Rev. Stat. §17-107. Rather, for purposes of this motion, I need only point out that Brunz has neither alleged, nor presented any facts supporting the notion that he has a property interest in his continued employment with the City.

⁴"As we said in *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1988), 'police department guidelines do not create a constitutional right.' The parameters of the federal constitutional right to procedural due process are far more general. In *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985), the Supreme Court held that public employees *with a property interest in their positions* are entitled to 'notice and an opportunity to respond' prior to discharge." *Bartlett v. Fisher,* 972 F.2d 911, 915 (8th Cir. 1992) (emphasis added).
    In this case, although Brunz has alleged that his hearing would have violated the Open Meetings Act, he has not alleged that he was denied notice (both oral and written), or an opportunity to respond. Indeed, it appears as if the Defendants are very willing to give him a chance to respond, but his own actions seem to have precluded that option.
    Further, even if a Council resolution reinstating him was declared void, it does not necessarily follow that Brunz would have been (at that point), denied a meaningful hearing and, consequently, due process. It simply means he would have to take advantage of the appeals processes provided by the state. In other words, the alleged Open Meetings Act violation is separate from any due process violation, and Brunz has failed to allege or put forth evidence demonstrating that any violation of the Open Meetings Act gives rise to a violation of due process.

entitled. On the face of the facts pled, there is no Fourteenth Amendment due process violation.

Section 1985 delineates five different categories of civil conspiracy. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1429 (8th Cir. 1986). "[T]hree of the five categories . . . relate to federal institutions and processes." *Id.* Because Brunz has not alleged any federal governmental involvement, his claim must lie in one of the remaining two categories. Brunz's claim fails under the fourth category, which requires an allegation "that [he was a] member[] of a class which suffers from invidious discrimination." *Id.* Brunz has alleged no such membership. Finally, the fifth category (under § 1985(2)), requires "an allegation of class-based, invidiously discriminatory animus." *Id.* Again, Brunz has alleged no such animus, and his § 1985 claim fails in its entirety.[5]

## 2. The First Amendment Claim and § 1983

In any § 1983 action, a court must ask two questions—"(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). It seems clear that the alleged conduct of the Defendants satisfies the "under color of state law" requirement. Indeed, Defendants never deny this characterization in their Answer or Brief,

---

[5]It is important to note that while Brunz has failed to state a claim under § 1985, that does not mean that he cannot state a conspiracy claim under § 1983. "Proof of a conspiracy, however, is not an indispensable requirement under § 1983 as it is under § 1985. It is merely a mechanism by which to establish the necessary state action. . . . 'The gist of the [§ 1983] cause of action is the deprivation and not the conspiracy.'" *Harrison*, 780 F.2d at 1430 n.14 (quoting *Lesser v. Braniff Airways, Inc.*, 518 F.2d 538, 540 n.2 (7th Cir. 1975)).

and even acknowledge that the actions of the Defendants were authorized by state statute. Therefore, the only issue pertaining to the § 1983 action is whether the Defendants' alleged conduct deprived Brunz of a federal right, privilege, or immunity.

Brunz alleges in paragraph 17 of his Complaint that "Defendants, City of Mitchell and Mayor Larry Bare, terminating the Plaintiff's employment was in retaliation for Plaintiff exercising his right to appeal . . . and was done in retaliation of the Plaintiff filing the Petition-in-Error in the District Court of Scotts Bluff County." (Filing No. 1, Ex. 1, 3). In other words, Brunz alleges a violation of his First Amendment right to seek a redress of grievances stemming from a retaliation by persons acting under the color of state law.[6]

The Eighth Circuit Court of Appeals has been clear that "'access to the courts is a fundamental right of every citizen.'" *Harrison*, 780 F.2d at 1427 (quoting *Inmates of the Neb. Penal and Corr. Complex v. Greenholtz*, 436 F.Supp. 432 (D. Neb. 1976)). This right of access to the courts cannot be vitiated by a government official, either by directly blocking access or by indirectly "'threatening or harassing an [individual] in retaliation for filing lawsuits.'" *Id.* at 1428 (quoting *Sanders v. St. Louis County*, 724 F.2d 665 (8th Cir.

---

[6]Brunz alleges in paragraph 17 of his Complaint that "Defendants, City of Mitchell and Mayor Larry Bare, terminating the Plaintiff's employment was in retaliation for Plaintiff exercising his right to appeal the Defendants['] earlier decision to suspend him without pay for a period of 30 days, and was done in retaliation of the Plaintiff filing the Petition-in-Error in the District Court of Scotts Bluff County, Nebraska in order to protect his rights guaranteed by statute and the Nebraska and United States Constitution." (Filing No. 1, Ex.1, 3). Brunz's first cause of action alleges a deprivation of free speech and expression in violation of the First Amendment of the federal Constitution. (Filing No. 1, Ex.1, 4). Brunz's fourth cause of action alleges a civil conspiracy in violation of § 1983. (Filing No. 1, Ex.1, 5). Liberally construing the pleading, I read these three allegations together to construct one legally cognizable claim.

If Brunz has attempted to assert a violation of his right to free speech, this claim fails due to insufficient pleadings. While he has alleged that he spoke about a matter of public concern, he has not alleged any retaliation or other adverse action based on his speech. Rather, he alleges retaliation due to the filing of his appeal and Petition-in-Error.

1983)). "The cases from this Circuit . . . make it clear that state officials may not take retaliatory action against an individual designed . . . to punish him for having exercised his constitutional right to seek judicial relief . . . ." *Id.*

In response to Brunz's First Amendment claim, Defendants, in their Brief in Support of the Motion for Summary Judgment, inconsistently state the facts of this case. Defendants aver in their Undisputed Facts section the following:

> 5. Plaintiff was suspended without pay in October 2005 (Complaint)[.]
> 6. Plaintiff requested a hearing under the City of Mitchell personnel manual (Complaint)[.]
> 7. A hearing was scheduled but not conducted due to compliance issues with the Open Meeting[s] Act. (Complaint).
> 8. Plaintiff filed a Petition-in-Error on December 15, 2005 (Complaint).
> 9. Plaintiff was terminated from his employment with the City of Mitchell Police Department on December 30, 2005 (Complaint).
> 10. Plaintiff filed another Petition-in-Error in response to his termination (Complaint).

(Filing No. 14, 1–2). However, later in the Legal Analysis section of that same brief, Defendants claim the following:

> Mayor Bare had the statutory authority to suspend and terminate the Plaintiff. The Plaintiff was terminated properly by statute. Plaintiff then requested a hearing before the City Council. That hearing was scheduled and objections were made to it based upon the Open Meetings Act. Before another hearing could take place, the Plaintiff filed a Petition-in-Error. A Petition-in-Error is an appeal and the filing of that pleading deprived the City Council of further jurisdiction to hear the claims of the Plaintiff.

(Filing No. 14, 5). The inconsistency between the two statements is the date that Brunz was actually terminated, in relation to the surrounding events. This date is very important to Brunz's allegation of a First Amendment violation and § 1983 claim, because if he was fired *after* he filed his first Petition-in-Error, then his claim that he was fired in retaliation for

filing his Petition-in-Error creates a genuine issue of material fact, precluding summary judgment on his § 1983 claim.

In any event, I accept the Defendants' acknowledgment that it is undisputed that Brunz was terminated on December 30, 2005, and that it is undisputed that Brunz filed a Petition-in-Error on December 15, 2005. Therefore, it is possible that Brunz was fired in retaliation for filing his suit.

Even if, as Defendants claim, Brunz does not have a constitutionally protected interest in continued employment, access to the courts is a constitutionally-protected right, and Brunz has every expectation not to be terminated from his job in retaliation for exercising that right. Absent any affidavits or other evidence presented by the Defendants to support their motion, a review of the Complaint leads me to conclude that Brunz has sufficiently stated a cause of action under § 1983 for infringement of his constitutional right of access to the courts, in violation of his First Amendment right to petition the government for redress of grievances.

Further, this constitutional right is clearly established, because a reasonable official, with statutory authority to terminate a public employee's employment, would understand that terminating an employee in retaliation for the employee's exercise of his right of access to the courts violates the employee's First Amendment rights. Therefore, Mayor Larry Bare does not satisfy the requirements for qualified immunity.

As for the City of Mitchell, Defendants' statement that "the City of Mitchell cannot be sued for a § 1983 action since the City is not a person" (Filing No. 14, 5), is incorrect. While a *state* is not a person as defined by § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official

capacities are 'persons' under § 1983."), there is no doubt that a *local municipality* is considered a person for purposes of § 1983, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993) (stating that "a municipality can be sued under § 1983"); *Owen v. City of Independence*, 445 U.S. 622, 650 (1980) ("[O]ur decision holding that municipalities have no immunity from damages liability flowing from their constitutional violations harmonizes well with developments in the common law and our own pronouncements on official immunities under § 1983."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."). In short, the City of Mitchell can be held liable for damages on a § 1983 claim.

IT IS ORDERED:

Defendants' Motion for Summary Judgment (Filing No. 13) is denied in part and granted in part, as follows:

    A.    With respect to Plaintiff's first cause of action, liberally construed to allege retaliation by the Defendants based on the Plaintiff's exercise of his First Amendment right to petition the government for a redress

      of grievances, and the Plaintiff's fourth cause of action, based on 42 U.S.C. § 1983, Defendants' Motion for Summary Judgment is denied.

B.    With respect to Plaintiff's second cause of action based on the Fourteenth Amendment, third cause of action based on the Fourteenth Amendment, and fourth cause of action based on 42 U.S.C. § 1985, Defendant's Motion for Summary Judgment is granted, and these claims are dismissed without prejudice.

DATED this 25th day of August, 2006.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge